UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| LASR CLINICS OF HENDERSON, LLC,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>Respondents. | Case No. 2:17-cv-02118-MMD-GWF<br><br>ORDER |

I.  **SUMMARY**

Before the Court is Respondent United States Department of Justice's ("Government") Motion to Dismiss ("Respondent's Motion") (ECF No. 3) and Petitioner LASR Clinics of Henderson, LLC's Motion to Set Aside Civil Investigative Demands ("Petitioner's Motion") (ECF No. 1). The Court has reviewed Petitioner's response and amended response (ECF Nos. 5 & 8) and Respondent's reply (ECF No. 13) regarding Respondent's Motion.

For the reasons below, Respondent's Motion is granted with leave for Petitioner to file a new petition regarding the newly reissued CIDs, and Petitioner's Motion is denied as moot.

II.  **BACKGROUND**

A.  **Statutory Framework**

Under 31 U.S.C. § 3733, the United States Department of Justice may issue civil investigative demands ("CID") when initiating a civil proceeding under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. The statute provides that the Attorney General or

a designee may issue a CID whenever there is "reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to a false claims law investigation[.]" 31 U.S.C. § 3733(a)(1). CIDs must identify the nature of the conduct constituting the alleged violation of the FCA as well as the applicable provision of law alleged to be violated. *Id.* at § 3733(a)(2)(A). CIDs must also provide a written demand that is definite and certain so as to permit the identification of documentary materials that are requested. *See id.* at § 3733(a)(2)(b)(i). Any person who has received a CID may file a petition in federal district court seeking an order to modify or set aside the CID. *Id.* at § 3733(j)(2). A federal district court has jurisdiction over any petition filed in that court provided it is consistent with the federal rules of civil procedure. *Id.* at §§ 3733(j)(5) & (6).

### B.     Relevant Facts

On August 7, 2017, Petitioner filed its Motion under seal, requesting that three CIDs received on or about July 13, 2017, be set aside or modified based on their failure to comply with statutory requirements. (ECF No. 1 at 2.) Specifically, Petitioner contends that these CIDs failed to comply with the "definiteness and certainty" requirement, that the Government failed to attach required forms to the CIDs, and/or that the Government cannot demonstrate valid service for at least one of the CIDs. (*See id.* at 2-3, 6-7.) On July 26, 2017, Petitioner contacted Respondent seeking clarification regarding the actual demand in the CIDs. (*Id.* at 3.) On July 31, 2017, the Government attempted to clarify the content of the CIDs. (*Id.*)

Respondent moved to dismiss this action with prejudice on August 11, 2017, in light of the fact that the Government withdrew the three original CIDs, in turn making the matter moot. (ECF No. 3 at 2.) In response, Petitioner contends that the matter is not moot because the CIDs have been reissued.[1] (ECF No. 8 at 2.)

///

---

[1] In its amended response, Petitioner states that it concurrently filed a Complaint. (ECF No. 8 at 2.) However, no official complaint has been filed and it is unclear to the Court whether the amended response is meant to serve simultaneously as a complaint.

2

## III. DISCUSSION

Respondent moves to dismiss the action with prejudice on the basis that this action is now moot. (ECF No. 3 at 1.) The Court agrees that the original petition requesting that this Court set aside or modify the initial CIDS is moot in light of the fact that the Government has withdrawn these CIDs. However, this Court grants Petitioner leave to file an amended petition regarding any purported issues with the reissued CIDs.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)[.]" *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A case is moot when no actual controversy exists. *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

Respondent relies on *Bryant v. Shaeffer*, No. 1:11-cv-00444-AWI-SKO (PC), 2015 WL 545934 (E.D. Cal. Feb. 10, 2015), to argue that this action is now moot because CIDs are administrative subpoenas and Respondent has withdrawn the CIDs for which Petitioner initiated this action. (ECF No. 3 at 3.) In *Bryant*, a state prisoner proceeding pro se filed a motion to quash related to the defendants' purported subpoenas of the prisoner's medical records. *Bryant*, 2015 WL 545934, at *2-*3. There, the subpoenas were either never issued in the first place or were withdrawn without any evidence of subsequent reissuance. *Id*. at *3. Thus, the Court found that because there was "nothing left to quash" the motion had been rendered moot. *Id*. By contrast, here there are existing CIDs that appear to request the exact same material as that asked for

///

///

in the original CIDs[2] (*compare* ECF Nos. 1-1, 1-2, & 1-3 *with* ECF No. 10). Moreover, it is unclear to the Court whether Petitioner has a basis to challenge the reissued and amended CIDs[3] (*see* ECF No. 8 at 2). *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," and "[t]he heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness.") (internal quotation marks and citations omitted). Therefore, the Court finds that the validity of the CIDs is not moot, and Petitioner is permitted to file an amended petition challenging the reissued CIDs if it so chooses.[4]

In its reply, Respondent contends that if Petitioner seeks to challenge the reissued CIDs it must initiate an entirely new action. (ECF No. 13 at 1.) The Court disagrees. Respondent's request would require Petitioner to pay a second filing fee in order to contest the reissued CIDs, which the Government reissued only one day after Petitioner initiated this action. (ECF No. 3-1 at 2; ECF No. 10.) To require Petitioner to initiate an entirely new action would be inequitable. Moreover, this Court generally has subject matter jurisdiction to address petitions challenging CIDs, and germane here is the fact that the CIDs were amended to clarify the request by adding instructions and not to change the materials requested. Given the unique statutory framework in which parties may challenge CIDs, the Court finds that there is a live controversy[5] between the parties and that an amended petition may permit the Court to resolve it.

---

[2]The only additional item in the CIDs is specific instructions and definitions. The patient lists and dates of service are identical.

[3]For instance, Petitioner appears to contest whether Respondent has complied with 31 U.S.C. § 3733(a)(2)(A), which requires that each CID state the nature of the conduct constituting the alleged violation and the applicable provision of law alleged to be violated. (*See* ECF No. 8 at 3.)

[4]The Court, however, does not have jurisdiction under the CID statute to address the merits of the Government's civil investigation or a potential defense to a subsequent FCA action against Petitioner. (*See* ECF No. 8 at 6; *see also* ECF No. 13 at 3.) The Court also agrees with the Government that the motion to dismiss was properly served on Petitioner's counsel. (*See* ECF No. 13 at 4 (citing Fed. R. Civ. P. 5(a) and (b)(1)).)

[5]Pursuant to a factual attack on subject matter jurisdiction under Rule 12(b)(1), consideration of matters beyond the four corners of the complaint—or here, the four
*(fn. cont…)*

4

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that the United States Department of Justice's Motion to Dismiss (ECF No. 3) is granted. Petitioner is given leave to file an amended petition within fourteen (14) days of entry of the Court's order. The Clerk will be directed to close this case in the event Petitioner fails to file a timely amended petition.

It is further ordered that LASR Clinics of Henderson, LLC's Motion to Set Aside Civil Investigative Demands (ECF No. 1) is denied as moot.

DATED THIS 19th day of October 2017

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

*(…fn. cont.)*
corners of Petitioner's Motion—are not considered. However, challenges of mootness based on voluntary cessation of a defendant's conduct require a court to look beyond the confines of a complaint and to take into consideration post-commencement events to determine whether a live controversy persists between the parties. *See Friends of the Earth*, 528 U.S. at 192 ("The required showing that it is 'absolutely clear' that the conduct 'could not reasonably be expected to recur' is . . . required in a particular category of cases where we have sensibly concluded that there is reason to be skeptical that cessation of violation means cessation of live controversy").